UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PRATIMA SHAH                                  CIVIL ACTION

VERSUS                                        NO: 11-2517

JEFFERSON PARISH SCHOOL BOARD                 SECTION: **"A"** (1)


                          **ORDER & REASONS**

   Before the Court are Plaintiff Pratima Shah's **Motions to Review Magistrate's Order (Rec. Docs. 105 & 106)** and Defendant Jefferson Parish School Board ("JPSB")'s oppositions thereto **(Rec. Docs. 107 & 108).** The motions, scheduled for submission on November 20, 2013, are before the Court on the briefs, without oral argument.

   When reviewing a magistrate judge's ruling on nondispositive matters, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72; <u>Ferrington v. McMoRan Exploration Co.</u>, No. 12-588, 2013 WL 5353310, *1 (E.D. La., September 24, 2013) (Zainey, J.) (applying "clearly erroneous" standard when reviewing magistrate judge's denial of motion to compel). Because Plaintiff has not demonstrated that Magistrate Judge Shushan's ruling was clearly

erroneous or contrary to law, the Court denies the motion for review.

   **A. Plaintiff's Motion to Compel (Rec. Doc. 91)**

   Magistrate Judge Shushan denied Plaintiff's Motion to Compel (Rec. Doc. 91) finding that it was not timely filed. Her order indicated that the discovery cut-off in this matter, which was set for March 12, 2013, was extended to March 26, 2013. Despite this extension, the motion to compel at issue was not filed until October 6, 2013, thus it was untimely. Now, Plaintiff argues that her order should be overturned because the discovery deadline was left open by the district judge with an instruction to "work it out," and, even if the deadline had passed, it may be extended for good cause. Plaintiff argues that good cause exists because the documents requested are necessary to prove pretext in her discrimination case.

   The Court agrees with Magistrate Judge Shushan that the discovery cut-off was on March 26, 2013, making Plaintiff's motion untimely. (Min. Entry, Mar. 12, 2013, Rec. Doc. 38) Moreover, even if the motion was timely, the motion should be denied because it was filed one month before trial and over <u>fifteen months</u> after the defendant objected to the discovery at issue. Federal Rule of Civil Procedure 26 requires the Court to "limit the frequency or extent of discovery otherwise allowed by

these rules or by local rule if it determines that [...] the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(4)(2)(C)(ii); see also Gucci America, Inc. v. Guess?, Inc., 790 F.Supp.2d 136, 142 (S.D.N.Y., May 25, 2011) (denying motion to compel where it was filed over eighteen months after discovery was served on the opponent because party had "ample opportunity to obtain the information during the fact discovery period, and failed to raise the issue with the Court at the appropriate time.") (internal citation omitted). In light of this rule, the Court finds the Magistrate Judge's ruling was not clearly erroneous or contrary to law.

### B. JPSB's Motion for Protective Order, To Quash, and For Sanctions (Rec. Doc. 79)

JPSB sought a protective order prohibiting Plaintiff from propounding further discovery on JPSB. Finding that the discovery cut-off had passed, Magistrate Judge Shushan granted this request. JPSB further sought to quash a subpoena duces tecum served upon Harriet Hillson, a JPSB employee. The motion was also granted upon the finding that it was untimely.[1]

This Court again agrees with Magistrate Judge Shushan's ruling that the time for discovery in this matter ended on March

---

[1] Magistrate Judge Shushan denied JPSB's request for sanctions. Plaintiff asks the Court to review only the grant of the protective order and the motion to quash.

26, 2013 despite Plaintiff's assertions that the Court informally instructed them to "work out" any issues they were having. Clearly, such a comment was not meant to orally extend the discovery deadline in this case. If the Court were to continue to entertain the extensions requested in this matter, this case would struggle to make it to a final resolution. Thus, finding that the discovery deadline has lapsed, and that the Court is required to limit the extent of discovery in this case pursuant to Federal Rule of Civil Procedure 26(b)(4)(2)(C), Magistrate Judge Shushan's order is affirmed.

Accordingly,

The **Magistrate's Order Denying Plaintiff's Motion to Compel (Rec. Doc. 91)** and the **Magistrate's Order Granting Defendant's Motion for Protective Order and/or to Quash, and Denying Defendant's Motion for Sanctions (Rec. Doc. 101)** are **AFFIRMED**. Plaintiff's **Motions for Review of Magistrate Order (Rec. Doc. 105, 106)** are **DENIED**.

New Orleans, Louisiana, this 5th day of December, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE