```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PRATIMA SHAH                               CIVIL ACTION

VERSUS                                     NO: 11-2517

JEFFERSON PARISH SCHOOL BOARD              SECTION: "A" (1)
```

### ORDER & REASONS

Before the Court is Defendant Jefferson Parish School Board ("JPSB")'s **Second Motion in Limine and Alternative Motion to Strike (Rec. Doc. 81),** Plaintiff Pratima Shah's opposition thereto **(Rec. Doc. 90),** and JPSB's reply **(Rec. Doc. 95).** The motion was set for hearing on November 6, 2013, on the briefs, without oral argument.

JPSB seeks the following relief in the instant motion:

1. the prohibition of continued amendments to Plaintiff's Witness and Exhibit lists;

2. the prohibition of amendments to the Plaintiff's Witness and Exhibit lists that relate to a retaliation claim;

3. the striking of all references of any witness or exhibit referenced in the instant motion;

4. the prohibition of Plaintiff's untimely subpoena duces tecum and motion to compel;

5. reversal of this Court's Order and Reasons dated October

  9, 2013 (Rec. Doc. 75);

  6. the exclusion of specific exhibits already added to Plaintiff's Fifth, Sixth, Seventh, and second Seventh Witness and Exhibit lists; and

  7. the imposition of sanctions on Plaintiff.

Inasmuch as JPSB seeks the prohibition of continued amendments and discovery, JPSB's motion is moot because these issues have been resolved by several of this Court's recent orders.[1] Further, JPSB's objections to this Court's Order dated October 9, 2013 (Rec. Doc. 75) have been treated in the status conference held on October 17, 2013 (Rec. Doc. 93) and the Court's recent order denying Plaintiff's motion in limine. (Rec. Doc. 119) Therefore, the only remaining issues are Defendant's objections to the specific exhibits and whether Plaintiff should be sanctioned.

 **A. Exclusion of Specific Exhibits and Witness**

  JPSB objects to the addition of several pieces of evidence on Plaintiff's Fifth, Sixth, Seventh, and second Seventh Witness and Exhibit Lists. The two main objections are that: (1) some of

---

[1] The Magistrate Judge granted JPSB's request for a protective order prohibiting further discovery in this matter. This Court affirmed theses orders on December 5, 2013 and determined that the deadline for discovery has passed. (Rec. Doc. 120) Further, the Court has denied Plaintiff's repeated requests to amend (Rec. Docs. 48, 52). Finally, the Court's recent order on Plaintiff's Motion in Limine makes clear that all of the newly added witnesses–specifically, Ms. Bercy, Ms. Winkler, and Ms. Kroft–as well as the hand note from Ms. Bercy, are irrelevant and therefore inadmissible. (Rec. Doc. 119)

the items listed were never produced in discovery, and (2) some of the items listed were produced in discovery, but only recently included on Plaintiff's lists. In response to the first argument, Plaintiff admits that some of the exhibits were never produced and avers that she is waiting to receive these items from the State. As to the second argument, Plaintiff argues that the documents were already produced by the defendant, thus there is no prejudice in including them at this time.

As to items that were never produced, Defendant's motion is granted. As to items that were produced by the defendant and only recently added to Plaintiff's Witness and Exhibit List, if the Court were to accept Plaintiff's argument, it would hold that parties must be prepared to respond to any document produced in the course of discovery, with or without notice of the opposing parties' intent to use it. Witness and exhibit lists are required to avoid that exact result; therefore, the Court grants JPSB's motion in limine on this issue.

Additionally, JPSB argues that Plaintiff's witness, Dr. Zaveri, should be excluded because she was omitted from Plaintiff's Witness and Exhibit Lists and that Plaintiff should be restricted from making any reference to the doctor and her treatment. JPSB further contends that it should still be permitted to use Dr. Zaveri's medical records. Plaintiff concedes

that Dr. Zaveri may not be able to testify, but argues that Plaintiff should not be completely barred from mentioning Dr. Zaveri and that the medical records should not be admitted. Defendant's request to exclude Dr. Zaveri as a witness is granted; however, the Court agrees with Plaintiff that a complete bar on Plaintiff's testimony regarding her treatment is unwarranted. Plaintiff will be allowed to testify about her personal knowledge of her medical treatment; and, while some hearsay issues may be encountered at trial, those should be treated with objections as they arise during the testimony. Further, as the doctor will not testify, Dr. Zaveri's medical records will also be excluded at trial.

### B. Sanctions

JPSB argues that Plaintiff should be sanctioned because Plaintiff's counsel sent Defendant a "threatening letter," and because Plaintiff continues to attempt to amend her complaint despite the Court's ruling that such an amendment will not be allowed.

The letter at issue states: "Please find enclosed Supplemental Answer to Interrogatories Nos. 9 & 10. Please be advised that if you ask the usual impeaching questions you will open up her recent interviews with various principals. I will instruct Ms Shah to narrow her answer." The Court finds that

there is no implied threat within this statement, thus sanctions on this ground are denied. As to Plaintiff's repeated requests to amend her complaint, this motion is also denied. However, Plaintiff's counsel is admonished that, if he continues to file motions on issues resolved by previous rulings, sanctions may be imposed.

Accordingly,

**IT IS ORDERED THAT** JPSB's **Second Motion in Limine (Rec. Doc. 81)** is **GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART.**

**IT IS ORDERED THAT** all additions made in Plaintiff's Fifth, Sixth, Seventh, and second Seventh Witness and Exhibit Lists **(Rec. Doc. 56, 65, 62, 76)** are excluded at trial and must be stricken from Plaintiffs final list. As to Dr. Zaveri, the doctor is excluded as a witness and her medical records are inadmissible; however, Plaintiff will be allowed to testify as to her personal knowledge of her medical conditions and medical treatment, subject to opposing counsel's contemporaneous objections.

New Orleans, Louisiana, this 5th day of December, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE